UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICKIE F. RISSMILLER,

    Plaintiff,

v.

                                                      Case No. 1:05-cv-332
                                                      Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

                                           /

**REPORT AND RECOMMENDATION**

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

        Plaintiff was born on October 27, 1957, obtained a GED and attended one year of college (AR 49, 74).[1] Plaintiff stated that she became disabled on July 29, 2002 (AR 49). She had previous employment as a deli/bakery manager, cook, waitress, carpet cleaner and factory worker (AR 59-66, 69). She identified her disabling conditions as lupus, which affects her muscular system and breathing, and causes severe migraine headaches, joint pain and dizziness (AR 68). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on March 2, 2004 (AR 17-22). This

---

[1] Citations to the administrative record will be referenced as (AR "page #").

decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff had not engaged in substantial gainful activity since the alleged onset of disability (AR 21). Second, the ALJ found that she suffered from severe impairments of systemic lupus erythematosus (SLE), migraine headaches and fibromyalgia (AR 21). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 21). The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) to perform medium exertional level work (AR 21).The ALJ further concluded that plaintiff's past relevant work as a deli/bakery manager did not require the performance of work-related activities precluded by her RFC, and that her medically determinable impairments do not prevent plaintiff from performing her past relevant work (AR 21). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 21-22).

## III.  ANALYSIS

Plaintiff has raised two statements of error.

**A.  The Commissioner erred in failing to articulate or explain her application of the factors listed in 20 C.F.R. § 404.1527(d)(2) in determining to discredit Dr. Seshradi's long-time treating rheumatologist opinion.**

A plaintiff's treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of

physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). However, an ALJ is not bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992).

The agency regulations provide that if the Commissioner finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." *Walters*, 127 F.3d at 530, *quoting* 20 C.F.R. § 404.1527(d)(2). In summary, the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1526. Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004).

Sash S. Seshadri, M.D., a rheumatologist, began treating plaintiff on December 1, 2000 (AR 265). Plaintiff contends that the ALJ failed to explain his reasons for rejecting Dr. Seshradi's opinion. The doctor issued opinions regarding plaintiff's condition in August, 2002; September, 2002; March 11, 2003; March 14, 2003; and May 30, 2003 (AR 170, 185-88, 265-71, 352).[2] In his decision, the ALJ briefly reviewed Dr. Seshradi's treatment, including an opinion

---

[2]Plaintiff refers to a July 30, 2003 opinion in Exhibit 7F. The court cannot locate an opinion of this date. It appears that plaintiff may be referring to the doctor's opinions dated May 30, 2003.

5

expressed in a "Fibromyalgia RFC" dated May 30, 2003 (AR 19). The ALJ evaluated the doctor's opinions as follows:

> The undersigned finds that, overall, the record does not show that the claimant is disabled. In May 2001 she had an ankle problem but she recovered from that and was returned to work. There was no mention at that time of any other impairment that was disabling. As to headaches, she has always had them. <u>The opinion of Dr. Seshradi that the claimant is totally disabled (Exhibit 7F), is rejected. This opinion is not supported by any medical record.</u> There are times when the claimant goes for weeks without headaches. Accordingly, the undersigned finds the claimant retains the residual functional capacity to perform medium exertional level work and is able to perform past relevant work as a deli/bakery manager. The record shows that she has been moderately active. Most of her complaints are subjective.

(AR 20) (emphasis added). Presumably, the ALJ is referring to the conclusions reached by the doctor in his May 30, 2003 opinion (AR 265-71).

As an initial matter, Dr. Seshradi stated that plaintiff "has been disabled from substantial work at least since 7/29/02" (AR 267). Although Dr. Seshradi was a treating physician, the ALJ was not bound by the doctor's conclusion that plaintiff was unable to work. *See* 20 C.F.R. § 404.1527(e)(1) ( "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that you are disabled' ). Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner. *Crisp v. Secretary of Health and Human Servs.*, 790 F.2d. 450, 452 (6th Cir. 1986). The determination of disability is the prerogative of the Commissioner, not the treating physician. *See Houston v. Secretary of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984).

Nevertheless, Dr. Seshradi submitted several opinions that warranted the ALJ's attention in addition to the conclusory statement that plaintiff was disabled. These opinions appeared on a variety of forms, which include a certification of health care provider requested by the U.S.

6

Department of Labor and disability forms provided by plaintiff's employer (AR 185-88). In reaching his determination, the ALJ does not refer to the doctor's other opinions which appear in Exhibits 3F and 15F. The record also contains 68 pages of medical records from Dr. Seshradi's office, which reflect office visits in: December of 2000; February, May, July, September, November and December of 2001; January, March, May, August, September, October, November and December of 2002; and, January, February, June, July and August of 2003 (AR 170-212, 262-86). Despite this substantial record of treatment, the ALJ did not discuss these medical records in any detail, but summarily dismissed Dr. Seshradi's May 30, 2003 opinion as "not supported by any medical record" (AR 20). In addition, the ALJ's decision did not reference Dr. Seshradi's other opinions from 2002 and 2003.

Under these circumstances, the ALJ has failed to "give good reasons" for not giving weight to Dr. Seshradi's opinions. *See Wilson*, 378 F.3d at 545. In *Wilson*, the court explained that:

> The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied. The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.

*Id.* at 544-45 (citations and quotations omitted). Dr. Seshradi repeatedly found that plaintiff was unable to perform work related activities. The record contains substantial treatment notes from the doctor. The ALJ should have given some consideration to these treatment notes before summarily dismissing Dr. Seshradi's opinion as unsupported.[3]

---

[3] Many of Dr. Seshradi's notes are barely legible, if not illegible. Nevertheless, the ALJ should have evaluated the records in some manner before stating that the doctor's opinion was not supported by any medical record.

Accordingly, this matter should be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for re-evaluation of Dr. Seshradi's opinions.

> **B.  The Commissioner failed to analyze [plaintiff's] pain according to the Sixth Circuit pain standard and failed to articulate specific reasons for finding that [plaintiff] was not credible.**

Next, plaintiff contends that the ALJ failed to analyze plaintiff's allegation of disabling pain. Plaintiff testified that she was in a lot of pain, presumably from fibromyalgia, lupus and migraine headaches (AR 367). An ALJ's evaluation of a claimant's pain is admittedly inexact. *Jones v. Secretary of Health and Human Servs.*, 945 F.2d 1365 (6th Cir. 1991). As the Sixth Circuit noted in *Jones*:

> The measure of an individual's pain cannot be easily reduced to a matter of neat calculations. There are no x-rays that can be taken that would objectively show the precise level of agony that an individual is experiencing. Hence, in evaluating the intensity and persistence of pain, both physicians and laymen alike, must often engage in guesswork.

*Id.* at 1369. Despite the inexact nature of measuring a claimant's pain, the ALJ must determine whether the claimant suffers from disabling pain.

While it is well-settled that pain may be so severe that it constitutes a disability, a disability cannot be established by subjective complaints of pain alone. "An individual's statement as to pain or other symptoms shall not *alone* be conclusive evidence of disability." *Cohen v. Secretary of Department of Health and Human Servs.*, 964 F.2d 524, 529 (6th Cir. 1992), quoting 42 U.S.C. § 423(d)(5)(A) (emphasis added). Rather, objective medical evidence that confirms the existence of pain is required. *Shavers v. Secretary of Health and Human Services*, 839 F.2d 232, 234-235 (6th Cir.1987).

Under the regulations, the Commissioner should consider seven factors in determining whether a claimant suffers from disabling pain: the claimant's daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; treatment, other than medication, received for relief of pain or other symptoms; any measures used to relieve pain or other symptoms; and, other factors concerning functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. § 404.1529(c)(3)(i-vii).

In *Duncan v. Secretary of Health and Human Servs.*, 801 F.2d 847 (6th Cir. 1986), the Sixth Circuit fashioned a two-prong test for evaluating an alleged disability based upon pain. *See Felisky v. Bowen*, 35 F.3d 1027, 1037-1039 (6th Cir. 1994) (the *Duncan* analysis is a "succinct form" of the Social Security Administration's guidelines for use in analyzing a claimant's subjective complaints of pain as set forth in 20 C.F.R. § 404.1529).  To meet the first prong of the *Duncan* test, the claimant must present objective evidence of an underlying medical condition. *Duncan*, 801 F.2d 847 at 853.  In order for a claimant to meet the second prong of the *Duncan* test  "(1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain." *Id.*

In the present case, the ALJ discussed some of the relevant factors as set forth in 20 C.F.R. § 404.1529(c)(3). However, as previously observed, the ALJ's discussion did not include an evaluation of matters contained within Dr. Seshradi's treatment notes. Accordingly, this matter should be reversed and remanded to the Commissioner  pursuant to sentence four of 42

9

U.S.C. § 405(g) for re-evaluation of plaintiff's claims of disabling pain. On remand, the Commissioner should give special attention to Dr. Seshradi's treatment notes.

### IV.  Recommendation

I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a re-evaluation of Dr. Sehsradi's opinions and plaintiff's allegations of disabling pain.

Dated:  March 15, 2006                              /s/ Hugh W. Brenneman, Jr.
                                                    Hugh W. Brenneman, Jr.
                                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).