UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICKIE F. RISSMILLER,

        Plaintiff,

vs.

Case No. 1:05-CV-332

Hon. Gordon J. Quist

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

On June 12, 2006, the court reversed and remanded this matter to the Social Security Agency pursuant to sentence four of 42 U.S.C. § 405(g).  This matter is before the court on plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA) (docket no. 17).  For the reasons stated below, the undersigned recommends that plaintiff's motion be denied.

    **I.**    **Plaintiff's claim for fees under the Equal Access to Justice Act**

    **A.**    **Legal standard**

The Equal Access to Justice Act ("EAJA") provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States  . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d).  The "fees and other expenses" authorized by the EAJA include reasonable attorney fees.  28 U.S.C. § 2412(d)(2)(A).

> Eligibility for an EAJA fee award in a civil action requires:
>
> (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment n the action and be supported by an itemized statement.

*Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).

Defendant objects to plaintiff's fee application on the ground that the government's position was substantially justified. "The government's 'position' comprehends both the United States' underlying action and its litigation position." *Delta Engineering v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). "[U]nder the EAJA it is the government's burden to prove that its position was substantially justified." *United States v. True*, 250 F.3d 410, 419 n. 7 (6th Cir. 2001). The Sixth Circuit has explained the government's burden as follows:

> The government's position under section 2412(d)(1)(A) [the EAJA] is substantially justified if it is justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person . . . [A] position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991) (citations and quotations omitted).

In the context of social security appeals, the government's position has been found to be substantially justified even though the case was remanded for further proceedings. *See*, *e.g.*, *Gray v. Commissioner of Social Security*, No. 00-6616, 2001 WL 1450821 at *1 (6th Cir. Nov. 6, 2001) (remanded due to error of law); *Cunningham v. Halter*, No. 00-4034, 2001 WL 1450778 (6th Cir. Oct. 30, 2001) (government's position substantially justified when, although the matter was remanded for further development regarding three specific issues, the government had successfully

defended several claims). "[A]lthough there may be flaws in an ALJ's decision, which require a reversal of the denial of benefits and a remand for further consideration, this does not automatically mean that the Commissioner's decision to defend the ALJ's decision to deny benefits was not 'substantially justified.'" *Anderson v. Commissioner of Social Security*, No. 98-6284, 1999 WL 1045072 at * 5 (6th Cir. Nov. 12, 1999), *citing Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir. 1992). On the other hand, the government's position may not be substantially justified if the ALJ's decision is "clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking" to the extent that a reviewing court awards benefits without the necessity of a remand. *Anderson*, 1999 WL 1045072 at *4, *quoting Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

### B. Discussion

Here, the court adopted the undersigned's report and recommendation, which determined that the ALJ failed to articulate good reasons for not giving weight to the opinions of plaintiff's rheumatologist, Dr. Seshradi. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004) (an ALJ must articulate good reasons for not crediting the opinion of a treating source). The ALJ's failure to articulate good reasons for rejecting a treating physician's opinion does not, in and of itself, establish that there was no reasonable basis for the ALJ's decision to deny benefits. *See Anderson*, 1999 WL 1045072 at * 5; *Stein*, 966 F.2d at 319. "The issue, when considering the award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Anderson*, 1999 WL 1045072 at *4.

This is not a case where the claimant presented overwhelming proof of disability. While Dr. Seshradi concluded that plaintiff was totally disabled from fibromyalgia and could perform no activity except simple grasping (AR 265-67), other medical evidence indicated that she could perform work related activities. A non-examining physician determined that plaintiff could occasionally lift 50 pounds, frequently lift 25 pounds, stand about 6 hours in an 8-hour workday and sit about 6 hours in an 8-hour workday (AR 345). Plaintiff's neurologist found that she had normal muscle tone, bulk and power, while her cardiologist advised her to increase her activity and exercise (AR 308, 314). While both the neurologist and cardiologist noted that plaintiff was diagnosed with lupus in 2000, neither noted a past history of fibromyalgia (AR 307-08, 315). The administrative record contains conflicting evidence regarding plaintiff's ability to perform work-related activities. Although the ALJ's decision denying benefits did not meet the articulation requirement of *Wilson*, the Commissioner was justified to defend the decision based on the administrative record.

### III.    Recommendation

Accordingly, I respectfully recommend that plaintiff's motion for attorney fees (docket no.17) be **DENIED**.


Dated:  October 6, 2006                     /s/ Hugh W. Brenneman, Jr.
                                            Hugh W. Brenneman, Jr.
                                            United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).