UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

VICKIE F. RISSMILLER,

        Plaintiff,                Case No. 1:05-CV-332

v.                                       HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

        The Court has before it the Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on October 6, 2006. In his report and recommendation, the magistrate judge recommended that the Plaintiff's request for legal fees pursuant to the Equal Access to Justice Act (EAJA) be denied because the Commissioner was substantially justified in defending the Administrative Law Judge's (ALJ) decision based on the administrative record.

        After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

        The Plaintiff objects to the magistrate judge's determination that the Commissioner's position in defending the case was substantially justified. In particular, the Plaintiff contends that the Commissioner's position was not substantially justified because the ALJ did not meet the standard for administrative review that requires specific findings on the record regarding the credibility of treating physicians and the Plaintiff. The Plaintiff argues that the Commissioner is aware of this standard and, knowing that the ALJ did not make specific credibility findings on the

record, should not have taken a position defending the ALJ's decision. In support of her argument, the Plaintiff points to the Report and Recommendation of March 15, 2006, which remanded the case to the ALJ for further findings on the record on those credibility issues.

The Sixth Circuit has explained the government's burden under the EAJA in proving that its position is substantially justified as follows:

> The government's position under section 2412(d)(1)(A) is substantially justified if it is justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person . . . [A] position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991) (citations and quotations omitted). "The issue, when considering the award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Anderson v. Comm'r of Soc. Sec.*, No. 98-6284, 1999 WL 1045072, at *4 (6th Cir. Nov. 12, 1999).

The magistrate judge concluded that the administrative record supported the Commissioner's claim that his position was substantially justified, even though the ALJ's decision denying benefits did not meet the articulation requirement of *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004) (an ALJ must articulate good reasons for not crediting the opinion of a treating source). The Plaintiff argues that the ALJ's failure to address each specific opinion of the physician constituted a clear error and that the Commissioner could not be substantially justified in defending the ALJ's flawed decision. However, "although there may be flaws in the ALJ's decision,

which require a reversal of the denial of benefits and a remand for further consideration, this does not automatically mean that the Commissioner's decision to defend the ALJ's decision to deny benefits was not 'substantially justified.'" *Anderson*, 1999 WL 1045072, at *5.  In this case, the Commissioner's position is not automatically rendered "not substantially justified" because of the ALJ's failure to make specific findings regarding each opinion of the treating physician.  The administrative record contained evidence conflicting with and casting doubt on the credibility of the treating physician's opinions and the Plaintiff's own accounts of pain and disability.[1]  Although the ALJ did not make specific findings about each individual opinion of the treating physician, the ALJ did make the broad finding that the medical evidence did not support the physician's conclusion that the Plaintiff was disabled.

Furthermore, the Plaintiff did not present overwhelming proof of disability showing that the Commissioner's position was not substantially justified.  *See id.* at *4 (stating that the government's position may not be substantially justified if "proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking").  The Commissioner's decision was reversed and remanded because the ALJ did not make specific findings of fact, not because there was overwhelming proof of disability.  To the contrary, both the magistrate judge and the ALJ noted that the administrative record contained evidence contradicting the Plaintiff's disability claim.  For these reasons, the magistrate judge did not err in denying the Plaintiff's request for attorney's fees under the Equal Access to Justice Act.

Therefore,

---

[1] Page 4 of the magistrate judge's report and recommendation highlights some of the medical evidence contradicting the Plaintiff's claims and the opinions of the Plaintiff's regular treating physician.

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued October 6, 2006 (docket no. 22), is **APPROVED AND ADOPTED** as the Opinion of this Court and the Plaintiff's motion for attorneys fees (docket no. 17) is **DENIED**.

This case is **concluded**.


Dated:  December 18, 2006                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE